# EXHIBIT B

RETURN DATE: AUGUST 29, 2023 : SUPERIOR COURT

JONATHAN SHINE : J.D. OF NEW HAVEN

V. : AT NEW HAVEN

AMAZON.COM SERVICES, INC. &
AMAZON.COM SALES, INC. &
AMAZON.COM SERVICES LLC : JULY 26, 2023

## COMPLAINT

### COUNT ONE – JONATHAN SHINE V. AMAZON.COM SERVICES, INC.

1. The defendants, Amazon.com Services, Inc., Amazon.com Sales, Inc. and Amazon.com Services LLC, are corporations organized and existing under the laws of the State of Delaware with its principal place of business located at 410 Terry Avenue North, Seattle, Washington.

2. At all times relevant to this Complaint, these defendants transacted business within the State of Connecticut, or produced, manufactured, or distributed goods with the reasonable expectation that such goods would be sold, used, or consumed within the State of Connecticut.

3. At all times mentioned herein, the defendant was engaged in the manufacture, design, test, assembly, supply, sale, import, distribution, supply and/or retailing of products including the Binazon Hard Door Storage Bag which was purchased by the plaintiff's girlfriend Jasmine Medina.

4. At all times mentioned herein, the defendant was a product seller as defined in the Connecticut Products Liability Act, Connecticut General Statutes Section 52-572m.

5. At all times mentioned herein, the "Jeep Door Cover" (Cover) is a product designed and intended to be used for covering and storing the doors of a Jeep.

6. At all times mentioned herein, a company identified as Binazon, on the website Amazon.com (the "Website") sold the covers and any order of the covers were fulfilled by the defendant.

7. At all times mentioned herein, the defendant required Binazon to enter into "Amazon's Services Business Solutions Agreement" (the "Agreement") to sell the covers on its website.

8. At all times mentioned herein, pursuant to the Agreement, among other things, the defendant:

   a. Collected a commission based on the sale of the covers;

   b. Required Binazon, to indemnify, defend, and hold the defendant harmless against any claim, loss, damage settlement, cost, expense or other liability;

   c. Restricted the price Binazon could charge for the covers in other sales channels;

   d. Required Binazon to stop or cancel any order at the defendant's request; and

   e. Allowed the defendant to withhold payment to Binazon at its discretion.

9. At all times mentioned herein, Binazon entered into the "Fulfillment by Amazon" service, which meant, among other things, that the defendant:

   a. Took physical possession of the cover to store at a fulfillment center in the United States;

   b. Charged Binazon a fee to store the coveres; and

   c. Shipped the cover directly to the plaintiff.

10. At all times mentioned herein, the defendant exhibited control over the sale of the covers and was engaged in the business of selling the covers to the plaintiff because of

"Amazon's Services Business Solutions Agreement" and the "Fulfillment by Amazon" program.

11. At all times mentioned herein, the defendant provides no contact information for Binazon on the website and any customer such as the plaintiff must communicate with Binazon through communication channels authorized and controlled by the defendant on the Website.

12. On April 10th, 2023, the plaintiff's girlfriend, Jasmine Medina, purchased a cover, from one or more of the defendants, Amazon.com Services, Inc. and/or Amazon.com, Inc.

13. On or about April 11th, 2023, the plaintiff was using the cover in accordance with the instructions manual when the handles of the cover suddenly and without warning ripped and broke, resulting in the Jeep door to fall and hit the plaintiff in the right foot.

14. At all times relevant hereto, the production in question was not altered or modified in any way by the plaintiff or any third party from the condition in which it was sold by the defendant.

15. Pursuant to Connecticut General Statutes Section 52-572m *et seq.*, the defendant is liable and legally responsible for the injuries and losses sustained by the plaintiff in one or more of the following ways:

   a. In that the cover was manufactured, sold, distributed, supplied and/or retailed in an unreasonably dangerous condition and presented an unreasonable risk of injury to the plaintiff;

   b. In that the defendant failed to design the cover in such a way that it's handles would not spontaneously rip;

c. In that the defendant failed to warn or otherwise instruct the plaintiff that the cover's handles would spontaneously rip;

d. In that the warnings and instructions which were given, and which accompanied the cover were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of the cover;

e. In that the defendant was negligent in failing to adequately and properly test the cover to determine whether it would cause injuries to a person using it;

f. In that the defendant knew or should have known, in the resistance of reasonable care, that the dangerous characteristics of the cover would cause injuries to a person coming into contact with it;

g. In that the defendant knew or should have known, in the resistance of reasonable care, that a person might come in contact with the dangerous cover;

h. In that the defendant failed to make necessary and proper modifications to the cover in order to guard against its propensity to cause injuries to prospective users.

16. As a direct and proximate result of the foregoing, the plaintiff suffered the following injuries, some or all of which may be permanent in nature:

a. Broken bones in his right foot

b. Associated physical pain and suffering.

c. Associated emotional pain and suffering.

17. From the injuries and effects thereof, the plaintiff was rendered sore and disabled and is suffering and will continue to suffer pain, discomfort, emotional upset, limitations and restrictions of activity.

18. As a further result of the defective cover, the plaintiff incurred expenses for medical care and attention, x-rays, pharmaceuticals, to the plaintiff's further loss and damage. It is reasonably probable that the plaintiff's injuries, or some of them, will require future medical treatment and expenditures.

19. The plaintiff brings this Count pursuant to Connecticut General Statutes § 52-572m, et seq., as amended (the "Connecticut Product Liability Act") and Connecticut General Statutes § 52-240b.

## COUNT TWO – JONATHAN SHINE V. AMAZON.COM SALES, INC.

1-19. Paragraphs 1 through 19 of Count One are hereby incorporated by reference and made corresponding paragraphs 1 through 19 of this Count Two.

## COUNT THREE – JONATHAN SHINE V. AMAZON.COM SERVICES LLC

1-19. Paragraphs 1 through 19 of Count One are hereby incorporated by reference and made corresponding paragraphs 1 through 19 of this Count Three.

WHEREFORE, the plaintiff claims:

     (a) Money damages;

     (b) Compensatory damages;

     (c) Attorney's fees;

     (d) Such other relief in well and equity as may be available.


THE PLAINTIFF,


By: _____

R.J. WEBER, III, ESQ.
**Weber & Rubano, LLC**
401 Center Street
Wallingford, CT 06492
Phone:  (203) 626-9172
Fax:  (203) 626-9175
Juris No.:  432211

RETURN DATE: AUGUST 29, 2023       :       SUPERIOR COURT

JONATHAN SHINE       :       J.D. OF NEW HAVEN

V.       :       AT NEW HAVEN

AMAZON.COM SERVICES, INC. &
AMAZON.COM SALES, INC. &
AMAZON.COM SERVICES LLC       :       JULY 26, 2023

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims money damages in excess of $15,000.00.

THE PLAINTIFF,

By: _____

R.J. WEBER, III, ESQ.
**Weber & Rubano, LLC**
401 Center Street
Wallingford, CT 06492
Phone: (203) 626-9172
Fax: (203) 626-9175
Juris No.: 432211